# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Honorable Leda Dunn Wettre |
| | Mag. No. 19-8328 |
| v. | |
| | **CRIMINAL COMPLAINT** |
| PATRICK B. SNOOP | |

I, Anthony Czajkowski, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached page and made a part hereof:

_____
Special Agent Anthony Czajkowski
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,
October 1, 2019 in Newark, New Jersey

_____
HONORABLE LEDA DUNN WETTRE
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## COUNT ONE
### (Wire Fraud)

From in or about March 2016 through in or about July 2019, in Union County, in the District of New Jersey and elsewhere, the defendant,

## PATRICK B. SNOOP

did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communications in interstate commerce certain writings, signs, signals, pictures, and sounds.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

1.    The allegations contained in this Complaint are re-alleged and incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.    Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 charged in this Complaint, defendant PATRICK B. SNOOP shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the commission of said offense, and all property traceable thereto.

### Substitute Assets Provision

3.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party,
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

## ATTACHMENT B

I, Anthony Czajkowski, am a Special Agent with the Federal Bureau of Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

## BACKGROUND

1. At all times relevant in this complaint:

    a. Company A was a custom furniture distributor based in Union, New Jersey.

    b. Company B was the payroll servicer for Company A. According to representatives of Company B, data entered into Company B's online portal was sent to computer servers in Georgia and South Dakota.

    c. Defendant PATRICK B. SNOOP ("defendant SNOOP") was employed by Company A as an office manager of accounting ("bookkeeper"). Beginning in November 2015, defendant SNOOP's duties included overseeing all of Company A's financial matters, including managing Company A's financial records and payments. Additionally, defendant SNOOP managed Company A's payroll by utilizing payroll services that were provided by Company B.

2. As set forth in more detail below, there is probable cause to believe that defendant SNOOP engaged in a fraudulent scheme to embezzle approximately $494,373.37 dollars from Company A by using his bookkeeper position to fraudulently enhance his salary by misrepresenting his salary to Company B.

## THE SCHEME TO DEFRAUD

3.     From in or around March 2016 to in or around July 2019, defendant SNOOP used his position as the bookkeeper at Company A to falsify his salary to Company A's payroll servicer, Company B, in order to fraudulently obtain approximately $494,373.37 dollars.

4.     In or around November of 2015, Company A hired defendant SNOOP to serve as the company's bookkeeper. Defendant SNOOP's salary was set at $55,000 dollars a year and then later adjusted to $60,000 a year. Defendant SNOOP's exclusive duties included contacting Company B through an online portal using a unique online identification and inputting the salaries of Company A employees, including himself. Company B retained digital records of all of defendant SNOOP's payroll adjustments from 2016 to 2019.

5.     Company A conducted an internal review of its payroll activity with Company B and discovered defendant SNOOP made several unauthorized inflations to his salary. Records from Company B revealed that in or around March of 2016, defendant SNOOP used his online portal access to inflate his annual salary to approximately $75,799.88 dollars. In or around May of 2016, defendant SNOOP used his online portal access to inflate his annual salary to approximately $106,999.88 dollars. In or around November of 2016, defendant SNOOP used his online portal access to inflate his annual salary to approximately $158,999.88 dollars. In or around December of 2016, defendant SNOOP used his online portal access to inflate his annual salary to approximately $190,199.88 dollars. In or around April of 2017, defendant SNOOP used his online portal access to inflate his annual salary to approximately $242,199.88 dollars. According to information provided by Company A, defendant SNOOP was not authorized to have an annual salary higher than $60,000 during his employment with Company A.

6.     On or about July 12, 2016, defendant SNOOP used his online portal access to lower his annual salary back to $60,000 dollars. On or about July 16, 2019, defendant SNOOP was terminated by Company A. On or about August 1, 2019, a Company A representative contacted defendant SNOOP and inquired, in substance and in part, why defendant SNOOP's quarterly tax forms with the company specified defendant SNOOP made approximately $60,000 dollars in the first quarter of 2019. Defendant SNOOP responded by suggesting the amount specified on the quarterly tax form was an error.

7.     According to Company A, defendant SNOOP's embezzlement scheme caused Company A to release the following approximate sums of money to defendant SNOOP:

| Year | Approximate Total of Embezzled Funds |
|---|---|
| 2016 | $43,422.98 |
| 2017 | $170,642.88 |
| 2018 | $182,199.88 |
| 2019 | $98,107.63 |
| **TOTAL** | **$494,373.37** |